# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD BILLIOT, ET AL.,**<br>  **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-16207** |
| **PTL, LLC, ET AL.,**<br>  **Defendants** | **SECTION: "E" (1)** |

## ORDER

Before the Court is Defendant PTL, LLC's motion in limine to limit the testimony of Plaintiff Ronald Billiot's expert medical witnesses.[1] The motion is opposed.[2] Defendant filed a reply to Plaintiff's opposition.[3] On January 9, 2018, the Court granted Defendant's motion for expedited hearing on the motion in limine.[4] Defendant also filed a request for oral argument on the motion.[5]

Defendant argues the Plaintiff's medical witnesses, as treating physicians, have failed to provide adequate disclosures pursuant to Rule 26(a)(2)(C). Defendant asserts that Plaintiff's disclosures do not provide adequate detail to satisfy Rule 26(a)(2)(C)'s requirement of "a summary of the facts and opinions to which the witness is expected to testify."[6] Defendant's motion focuses on Dr. Morteza Shamsnia, but states that the motion encompasses the testimony of Dr. Joshua Yellin, Dr. Ashley Prejean, Dr. Billy Hillman, Jr., Dr. Chris Edwards, Dr. Randall Lillich, Dr. William Kinnard, Dr. Phillip Paulk, and

---

[1] R. Doc. 40.
[2] R. Doc. 46.
[3] R. Doc. 50.
[4] R. Doc. 44.
[5] R. Doc. 43.
[6] FED. R. CIV. P. 26(a)(2)(C).

1

physician assistant Bart Cortez.[7] Defendant requests that the Court strike Dr. Shamsnia from testifying as an expert witness at trial, or in the alternative, limit the testimony of all medical witnesses "to the four corners of his or her treatment records."[8]

In response, Plaintiff argues that his disclosures meet the "liberal standards" of Rule 26(a)(2)(C).[9] Further, Plaintiff submits that Dr. Shamsnia will testify only regarding opinions that were obtained or observed during Plaintiff's treatment, and as a result, the disclosures, although short, nonetheless satisfy Rule 26(a)(2)(C).[10]

The Court finds that Plaintiff's disclosures fail to meet even the lower standard mandated by Rule 26(a)(2)(C). Rule 26(a)(2)(C) requires a "a summary of the facts and opinions to which the witness is expected to testify."[11] In this case, Plaintiff has only provided a list of topics to which Dr. Shamsnia may testify, but has not disclosed what the witness's opinions are with regard to those topics. Although Plaintiff attaches medical records associated with Plaintiff's treatment, this does not provide a sufficient summary of Dr. Shamsnia's opinions. The Defendant should not have "sift through medical records in an attempt to figure out what each expert may testify to."[12]

Accordingly;

**IT IS ORDERED** that Defendant's motion in limine is **GRANTED IN PART**. Plaintiff must file supplemental disclosures for each treatment provider expected to give opinion testimony by **Monday, January 29, 2018, at 12:00 p.m**. The disclosures

---

[7] R. Doc. 40-1 at 1.
[8] R. Doc. 40-1 at 12.
[9] R. Doc. 46-4 at 6 (quoting *Martinolich v. New Orleans Hearst Television, Inc.*, 2017 WL 5125765 at *4-5 (E.D. La. Oct. 19, 2017).
[10] *Id*.
[11] FED. R. CIV. P. 26(a)(2)(C).
[12] *Williams v. State*, 2015 WL 5438596 (W.D. La. 2015).

must lay out in greater detail the opinions to which the medical witnesses will testify, as well as the factual basis for those opinions.

**IT IS FURTHER ORDERED** that Plaintiff provide the billing and payment records requested by Defendant regarding Dr. Shamsnia's treatment[13] by **Monday, January 29, 2018, at 12:00 p.m.**

**IT IS FURTHER ORDERED** that Defendant's request for oral argument[14] is **DENIED AS MOOT**.

New Orleans, Louisiana, this 24th day of January, 2018.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[13] See R. Doc. 40 at 4.
[14] R. Doc. 43.